# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CHARLES R. JOHNSON, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> RUSSELL WASHBURN, Warden, ) <br> ) <br> *Respondent*. ) | Case No. 3:18-cv-105 <br><br> Judge Travis R. McDonough <br><br> Magistrate Judge H. Bruce Guyton |

## MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed *pro se* by Charles R. Johnson ("Petitioner"), challenging his 2015 state-court convictions for various drug offenses (Doc. 1). Respondent has filed a motion to dismiss the petition for failure to exhaust state remedies (Doc. 21), a supporting memorandum (Doc. 22), and a supplemental notice of filing documents in support of that motion (Doc. 25). Petitioner has filed a response in opposition to the motion to dismiss (Doc. 24) and a motion to strike Respondent's supplemental notice (Doc. 26).

For the following reasons, Respondent's motion to dismiss the petition for failure to exhaust (Doc. 21) will be **GRANTED** and this case will be **DISMISSED WITHOUT PREJUDICE** pending exhaustion of state-court remedies. In light of the granting of the motion to dismiss, Respondent's motion to waive filing of state-court record (Doc. 23) will be **GRANTED**. Petitioner's motion to strike Respondent's supplemental notice (Doc. 26) will be **DENIED**. Petitioner's *pro se* motion for conditional release pending federal habeas corpus

review (Doc. 6), motion for partial summary judgment (Doc. 7), and motion to set an evidentiary hearing (Doc. 8) will be **DENIED AS MOOT**.

I.  **PROCEDURAL HISTORY**

On September 28, 2015, an Anderson County, Tennessee jury convicted Petitioner of sale of a Schedule I drug within 1,000 feet of a school zone, sale of a schedule VI drug, and possession of drug paraphernalia.  (Doc. 20-1, at 2, 5.)  The Anderson County Circuit Court (the "Trial Court") sentenced Petitioner to a term of imprisonment of thirty years on December 22, 2015.  (Doc. 1, at 2.)  On January 21, 2016, Petitioner timely moved the Trial Court for a new trial.  (Doc. 1, at 3; Doc. 20-1, at 5.)  On April 7, 2017, Petitioner filed an amended motion for a new trial and a motion requesting removal of counsel.  (Doc. 20-1, at 5.)  Today, Petitioner's amended motion for a new trial remains pending in the Trial Court.  As a result, Petitioner has not yet pursued a direct appeal or post-conviction relief in the state courts.

On March 14, 2018, Petitioner filed the pending § 2254 petition in this Court, raising numerous grounds for relief and alleging that the State of Tennessee has interfered with his utilization of state remedies by failing to hear his motion for new trial.  (Doc. 1, at 6.)  Respondent has filed a motion to dismiss for failure to exhaust state remedies because Petitioner is pursuing state-court relief in the trial court and retains the right to raise, on direct review or through state post-conviction relief, the claims he seeks to raise in his § 2254 petition.  (Doc. 22, at 3.)  Petitioner opposes the motion to dismiss, arguing that the trial court's inordinate delay in deciding his motion for a new trial has rendered state process ineffective to protect his rights.  (Doc. 24, at 4.)

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a state prisoner seeking habeas review first must exhaust available state-court remedies before presenting his claims to a federal habeas court. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "'serves important federalism interests by permitting state courts the first opportunity to correct alleged violations of their prisoner's rights.'" *Kelly v. Lazaroff*, 846 F.3d 819, 827 (6th Cir. 2017) (citation omitted).

Exhaustion is satisfied "'when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.'" *Id*. (citation omitted). Under Tennessee Supreme Court Rule 39, a Tennessee prisoner exhausts a claim by raising it before the Tennessee Court of Criminal Appeals ("TCCA"). *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

## III. ANALYSIS

Petitioner has not yet exhausted his available state-court remedies. Following his conviction, Petitioner timely filed a motion for new trial within thirty days of the entry of the sentencing order. Tenn. R. Crim. P. 33(a), (b). That motion, as amended, remains pending in the Trial Court.[1] If the Trial Court denies the motion, Petitioner may directly appeal his conviction and sentence. Tenn. R. App. P. 3. Importantly, because Petitioner filed a motion for new trial, the time for direct appeal will not begin to run until the Trial Court enters an order denying the motion. Tenn. R. App. P. 4(c). If he does not succeed on direct appeal, he may then seek post-conviction relief in the Trial Court on the ground that he suffered an "abridgment of any right

---

[1] Under the Tennessee Rules of Criminal Procedure, amendments to motions for a new trial are to be liberally granted until the day of the hearing on the motion for a new trial. Tenn. R. Crim. P. 33(b).

guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. §§ 40-30-103, 40-30-105.  And, if he fails there, he may appeal the Trial Court's post-conviction final judgment to the TCCA.  Tenn. Code Ann. § 40-30-116.  Petitioner still has the right under state law to raise the questions he seeks to present in his pending federal habeas petition.[2]  Therefore, he has not exhausted his state remedies.  28 U.S.C. § 2254(c).

Petitioner concedes that point but argues that the Trial Court's delay in ruling on his motion for a new trial is interfering with his right to utilize those remedies.  (Doc. 24, at 2.)  He contends this delay renders the state process ineffective to protect his rights, excusing his failure to exhaust.  (*Id*. at 2–4.)  This Court is unpersuaded.

Federal courts typically avoid deciding unexhausted claims unless there are "unusual" or "exceptional" circumstances.  *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017).  The AEDPA provides that habeas relief generally should not be granted until the prisoner has exhausted his state remedies, unless "circumstances exist that render such processes ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b).  The Sixth Circuit Court of Appeals has recognized that "[i]nordinate delay in adjudicating state court claims" can constitute such circumstances.  *Phillips*, 851 F.3d at 576 (quoting *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)).  But the inordinate-delay exception does not apply to Petitioner.  While Petitioner filed his initial motion for a new trial three years ago, in January of 2016, he subsequently filed an amended motion for a new trial in April of 2017.  A delay of almost two years in ruling on the amended motion for a new trial concerns this Court.  However, it falls short of the nearly four-year delay denounced in *Workman* and the seven-year delay decried in *Phillips*.

---

[2]  Petitioner incorrectly asserts that he is "precluded" from seeking any additional relief in state court under Tennessee Code Annotated § 40-30-202.  This statute created a post-conviction defender oversight commission and has no bearing on Petitioner's state remedies.

This case also differs significantly from *Workman* and *Phillips* in that the delay in those cases was clearly attributable to the state. The Sixth Circuit emphasized that application of the inordinate-delay exception is especially appropriate when the "state clearly is responsible for the delay." *Workman*, 957 F.2d at 1344. In *Workman*, the state alone caused the delay, and its only explanation was a turnover of judges and heavy caseloads. *Id*. In *Phillips*, the state offered no explanation for the seven-year period during which the petitioner's post-conviction petition languished. *Phillips*, 851 F.3d at 576.

By contrast, the delay in this case can be attributed, at least in part, to Petitioner's filing of an amended motion for a new trial as well as his request for new counsel. The Trial Court's docket indicates that on the same day Petitioner filed the amended motion for a new trial—April 7, 2017—he also filed a motion requesting the removal of counsel. (Doc. 25-1, at 4, 5.) He also sent a letter regarding removal of counsel to the Trial Court on June 12, 2017. (*Id.*) Moreover, the most recent docket report further shows that the trial court has held periodic status conferences since the filing of Petitioner's amended motion for new trial. Anderson County Circuit Court, http://www.andersoncircuitcourt.com/search/mainpage.aspx (select "Criminal Search"; then search in "Case #" for "B3C0129A") (last visited Jan. 31, 2019). The most recent status conference occurred on January 18, 2019, and the next conference is set for February 25, 2019. *Id.* The delays in this case do not rise to the level of the delays in *Workman* and *Phillips*. Although surprisingly slow, the Trial Court has given "meaningful attention" to Petitioner's motion for a new trial, and the state corrective process has not yet been rendered futile. *See, e.g.*, *Combs v. Lee*, 2018 WL 814880 (E.D. Tenn. Feb. 9, 2018).

Because Petitioner has not exhausted any of the claims raised in his § 2254 petition, the Court will dismiss this case without prejudice to Petitioner's right to refile a habeas petition after

he has properly exhausted his state court remedies. *See Morse v. Trippett*, 37 F. App'x 96, 105 (6th Cir. 2002) ("Normally, when a petitioner has not exhausted his state remedies, the appropriate action is to dismiss the petition without prejudice, so that the petitioner may present his claims to the state courts.")

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED** that Respondent's motion to dismiss Petitioner's § 2254 petition for failure to exhaust state remedies (Doc. 21) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE.**

It further is **ORDERED** that Respondent's motion to waive filing of state-court record (Doc. 23) will be **GRANTED** and Petitioner's motion to strike Respondent's supplemental notice of filing documents (Doc. 26) will be **DENIED**.

It further is **ORDERED** that Petitioner's motion for conditional release pending federal habeas corpus review (Doc. 6), motion for partial summary judgment (Doc. 7) and motion to set evidentiary hearing (Doc. 8) will be **DENIED AS MOOT**.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*; *see also Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).

Because reasonable jurists could not disagree with the resolution of this petition, a COA **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**